# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| TOIA D. OCANSEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | No. 21-1581C <br> (Filed: August 11, 2021) |

*Toia D. Ocansey*, Pro Se, Columbus, OH.
*Ann C. Motto*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## OPINION AND ORDER

**Kaplan, Chief Judge.**

In 1981, Plaintiff Toia D. Ocansey was issued an honorable discharge from the United States Air Force ("Air Force"). Compl. Ex. A, at 2–3, Docket No. 1-1. Some eighteen to nineteen years later, after the Department of Veterans Affairs assigned her a thirty percent disability rating for "an unspecified trauma and related disorder," Ms. Ocansey asked the Air Force Board for Correction of Military Records ("AFBCMR" or "the Board") to change the narrative reason for her discharge (originally identified as "Unsuitability—Personality Disorder") to instead reflect service-connected post-traumatic stress disorder ("PTSD") based upon military sexual trauma. Id. at 1.

In 2021, upon the recommendation of its Psychological Advisor, the AFBCMR concluded that Ms. Ocansey did not have a personality disorder at the time of her discharge. Id. at 4–5. It granted-in-part her request that her discharge record be corrected. Id. at 1, 5. It directed that the narrative reason for Ms. Ocansey's discharge be changed to "Secretarial Authority" with the corresponding separation code of "JFF." Id. at 5. The AFBCMR declined, however, to include the PTSD diagnosis in the amended narrative reason for Ms. Ocansey's discharge from the Air Force, as she had requested. Id. It reasoned that doing so would "needlessly includ[e] intrusive personal history" on her DD Form 14. Id.

Ms. Ocansey filed her complaint in this court on July 15, 2021. Compl., Docket No. 1. She does not challenge the Board's decision to correct her record. See generally id. Instead, she alleges that she is entitled to compensatory and punitive damages for libel, slander, and medical

malpractice that she contends the Air Force committed when it listed a personality disorder as the narrative reason for her discharge. Id. ¶¶ 5, 8–9. Ms. Ocansey seeks $150,000 in compensatory damages and $150,000 in punitive damages, id. at 5, alleging that as a result of the Air Force's wrongful actions she suffered "financial and emotional injury, embarrassment, dishonor and loss of dignity" and was denied employment opportunities, id. ¶¶ 12–13.

The Court must have jurisdiction before it can evaluate a case on its merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). Further, the Court may raise the issue of jurisdiction on its own at any time during the pendency of a case. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Rule 12(h)(3) of the Rules of the Court of Federal Claims (stating that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). While it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013). Ms. Ocansey's complaint falls short of doing so.

The Tucker Act provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is solely a jurisdictional statute which "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff must identify "a separate source of substantive law that creates the right to money damages" in order to establish the court's jurisdiction. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Ms. Ocansey's claims for compensatory and punitive damages based on libel, slander, and medical malpractice are, at their core, tort claims and therefore not within this Court's jurisdiction. 28 U.S.C. § 1491(a)(1); see also Jireh Consulting Inc., v. United States, 167 F. App'x 179, 180 (Fed. Cir. 2006) (holding that the Court of Federal Claims does not possess jurisdiction to entertain slander and libel claims because they sound in tort); Rick's Mushroom Service v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("A claim for professional negligence is a tort claim."). Ms. Ocansey's assertion that her claims are cognizable under Section 2733 of the Military Claims Act ("MCA"), 10 U.S.C. §§ 2731–2740, is similarly insufficient to establish this Court's jurisdiction. See Compl. ¶ 15. The MCA is not a money-mandating statute for purposes of establishing Tucker Act jurisdiction because it merely authorizes but does not require the military to settle and pay claims against the government. Collins v. United States, 67 F.3d 284, 286 (Fed. Cir. 1995).

In short, Ms. Ocansey has failed to establish that this Court possesses jurisdiction to consider any of the claims in her complaint. Her complaint must therefore be dismissed.

## CONCLUSION

On the basis of the foregoing, the complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly.

Plaintiff has also filed a motion to seal her complaint and related filings pursuant to Rule 5.2 of the Rules of the United States Court of Federal Claims. Pl. Mot., Docket No. 2. For good cause shown, the motion is hereby **GRANTED**. The Clerk of the Court is directed to file plaintiff's complaint under seal.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge